The opinion of the court was delivered by
Mabr, J.
This is a suit to recover of Taylor Daspit, tax collector of the parish of St. Martin, $22,356 88, for alleged defalcations ; and against his sureties, Joseph Gautreau and Mrs. Marie Amólie Béraud, and Louis Laloire, her husband, $20,000, on the bond in which Gautreau and Mrs. Laloire were sureties, each for $10,000.
Daspit was appointed tax collector for the parish of St. Martin, in March, 1875. He gave bond, with Joseph Gautreau and Mrs. Laloire as sureties, each in the sum of $10,000. He collected the taxes of 1870, 1871, 1872, 1873, 1874; and, as Jumel, Auditor, testifies, “ he paid the same into the treasury, and his accounts appear upon the books as settled.”
The rolls for 1875, for taxes assessed, and licenses furnished him, amounting to $22,356 8S, were placed in his hands ; and the object of this suit is to make him and his sureties liable upon the ground that he failed to account for any part of this amount.
The proof shows that on the sixth April, 1876, Numa Bienvenu was appointed tax collector for St. Martin ; and that he collected the greater part of the taxes for 1875.
We think that where a tax collector continues in office, no proof of defalcation on his part is necessary beyond the tax rolls and licenses placed in his hands ; and that he is bound to account; and in default of his accounting he will be legally liable for the whole amount. But it is manifest that where the tax collector is superseded, and his successor collects part of the taxes, the out going collector and his sureties are liable only for the amount collected by him and not accounted for; and the tax rolls, and blank licenses put in his hands would not be sufficient evidence either against him or his sureties.
It appears from the testimony of Jumel, the Auditor, that Bienvenu, the successor of Daspit, filed affidavits with the Auditor, showing *1113 that Daspit collected part of the taxes of 1875, in all $8102 38. But this is merely Jumel’s statement of what the affidavits of Bienvenu were; and this is mere hearsay. Bienvenu Should have been called as a witness.
In 1870, Mrs. Marie Amélie Béraud, wife of Louis E. Laloire, and her brother, Felix Béraud, and her sister, Eugenie Amelia Béraud, gave to Louis E. Laloire a power of attorney which is quite full. It does not, however, contain any power or authority to the attorney to bind his ■constituents as sureties, for any purpose whatever.
Under this power, Laloire signed his wife’s name, five years after its date, to the official bond of Daspit as tax collector. It was a gross abuse of the power, and of the trust and confidence reposed in the husband by the wife. It could not have entered into the contemplation of the parties, in 1870, that the power then granted, evidently to enable the husband to manage his wife’s business and for her interest, would authorize him to bind her as security for others, especially for a tax collector appointed in 1875, five years after the date of the power.
Mrs. Laloire was not one of the sureties for Daspit in his official bond ; and she should not have been accepted as such.
The judgment of the district court was in favor of the State, against Daspit, for $22,356 88, subject to a credit of $3310 35, of the taxes of 1875, proven not to have been collected ; and against Joseph Gautreau ■and Mrs. Marie Amélie Béraud, wife of Louis E. Laloire, each for ten thousand dollars, with recognition of mortgage on their real estate, from the date of the bond, March 16, 1875: and all the defendants •appealed.
As we have seen, the legal presumption which would have existed against the tax collector that he was bound for the whole of the tax rolls and blank licenses furnished to him can not be invoked in this case. The taxes of 1870, 1871, 1872, 1873,1874, collected by Daspit, were fully accounted for. The taxes of 1875 were collectible in 1876 ; and on the ■sixth April, 1.876, Bienvenu was appointed the successor of Daspit: so that it was impossible for Daspit in his official capacity to have collected the taxes of 1875.
As the State had deprived him of the legal right and power to collect the taxes, by appointing a successor, it was incumbent on the State to show, by proof, the amount of taxes collected by him. The only proof on that subject is the Auditor’s testimony of what is -shown by affidavits of Bienvenu, the successor of Daspit, part of the records of the Auditor’s office, neither the originals nor copies of which were produced. The State should have called Bienvenu and the taxpayers, as witnesses to prove the amount of taxes collected by Daspit up to the sixth April, 1876, in order to have held the sureties in his official bond, *1114 or the sums collected by him after the appointment of his successor,, not accounted for by him, to have recovered of him alone.
The district court should have released Mrs. Laloire from liability, because she was not one of the sureties on the official bond of Daspit r and there should have been judgment of nonsuit against the State, and in favor of Daspit and Gautreau.
It is therefore ordered, adjudged, and decreed that the judgment of the district court appealed from be annulled, avoided, and reversed r and proceeding to render such judgment as should have been rendered by the district court, it is further ordered, adjudged, and decreed that there be final judgment against the State, in favor of Mrs. Marie Amélie Bsraud, wife of Louis E. Laloire, rejecting the demand against her;-, and that there be judgment against the State, in favor of Taylor Daspit and Joseph Gautreau, dismissing the demand against them respectively as in case of nonsuit, with costs in both courts.